The Commonwealth appeals from an order of a District Court judge suppressing the fruits of a patfrisk of the defendant, Manuel Torres-Pagan. Concluding that the defendant's exiting the motor vehicle without being asked to do so and then looking repeatedly into the front seat area provided the police officer with reasonable suspicion to issue an exit order and conduct a patfrisk, we reverse and remand for further proceedings to consider the defendant's other ground for suppression.
In reviewing a decision on a motion to suppress, we adopt the subsidiary findings of fact of the motion judge, "which we accept absent clear error, reserving for independent review his ultimate findings and his conclusions of law." Commonwealth v. Charley, 91 Mass. App. Ct. 223, 224 (2017). See Commonwealth v. Anderson, 461 Mass. 616, 619 (2012). Among other reasons, "an officer is justified in issuing an exit order to a driver or a passenger when 'a reasonably prudent [person] in the [police officer's] position would be warranted in the belief that the safety of the police or that of other persons was in danger.' " Commonwealth v. Meneide, 89 Mass. App. Ct. 448, 452 (2016), quoting from Commonwealth v. Gonsalves, 429 Mass. 658, 661 (1999). "[I]t does not take much for a police officer to establish a reasonable basis to justify an exit order or search based on safety concerns." Commonwealth v. Robinson, 83 Mass. App. Ct. 419, 428 (2013), quoting from Gonsalves, 429 Mass. at 664. See Commonwealth v. Rosado, 84 Mass. App. Ct. 208, 213 (2013), quoting from Commonwealth v. Robbins, 407 Mass. 147, 152 (1990) ("The police are 'not required to gamble with their personal safety' "). "Where an officer has issued an exit order based on safety concerns, the officer may conduct a reasonable search for weapons in the absence of probable cause to arrest." Commonwealth v. Amado, 474 Mass. 147, 152 (2016).[2]
Here, the defendant exited his motor vehicle without being asked to do so and only once the officers approached. This by itself was an indicator of danger. See Commonwealth v. Douglas, 472 Mass. 439, 446 (2015) (defendant's "getting out of the vehicle unasked" was factor suggesting defendant "was attempting to conceal a weapon, either on his person or in the vehicle"). Then, in the short time of the officers' approach, he turned to "look[ ] back into the front seat area" on "more than one occasion." This provided the officer with reason to suspect the presence of contraband within the defendant's wingspan. That the contraband could have been narcotics as easily as it could have been a weapon is of no moment for reasonable suspicion purposes. "The officer was not required to know the exact nature of the object being concealed in order to have an objectively reasonable concern for his safety." Meneide, 89 Mass. App. Ct. at 452. See Commonwealth v. Goewey, 452 Mass. 399, 409 (2008) (possibility that defendant's actions have innocent explanation does not negate reasonable suspicion).
Furthermore, because this was a motor vehicle stop for a cracked windshield and absence of an inspection sticker, "the defendant here was being detained for traffic violations and it was therefore likely that he would soon return to his car." Commonwealth v. Haynes, 83 Mass. App. Ct. 903, 905 (2013). Accordingly, it was necessary for the officer to dispel the possibility of a weapon before allowing the defendant to reenter his motor vehicle. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 905-906. Finally, the stop occurred in an area in which the officer "had made a number of arrests ... for firearms violations" and "personally had recovered over thirty firearms." See Commonwealth v. Young, 78 Mass. App. Ct. 548, 555 (2011) (high crime area contributes to reasonable suspicion). Accordingly, the motion judge erred in allowing the motion to suppress on the ground that the officers lacked reasonable suspicion to pat frisk the defendant.
The motion judge had no occasion to rule on the defendant's other ground for suppression, that the defendant was exposed to custodial interrogation without being provided with his Miranda rights.[3] Accordingly, we are without the benefit of the motion judge's analysis or factual findings specifically addressing this issue. We entrust the resolution of this issue to the motion judge on remand.
The order allowing the motion to suppress is reversed, and the matter is remanded for further proceedings consistent with this memorandum and order.

It is true, as the defendant contends, that where an exit order is properly issued for a reason other than a reasonable suspicion of danger -- for example, because of suspicion of criminal activity, a patfrisk must be justified by reasonable suspicion that the defendant was armed and dangerous. See, e.g., Commonwealth v. Greenwood, 78 Mass. App. Ct. 611, 616 (2011). Here, however, the exit order was justified only by a reasonable suspicion of danger, and thus "[t]he standard for a patfrisk is the same as the standard required to justify an order to the occupants of a vehicle stopped for traffic violations to leave the vehicle." Commonwealth v. Hernandez, 77 Mass. App. Ct. 259, 269 (2010), quoting from Commonwealth v. Torres, 443 Mass. 669, 676 (2001).

The defendant makes no argument, on appeal or at the motion hearing, that the use of handcuffs invalidated the patfrisk. See Commonwealth v. Dyette, 87 Mass. App. Ct. 548, 556 (2015), quoting from Commonwealth v. Williams, 422 Mass. 111, 117 (1996) (" 'An officer is entitled to take reasonable steps to ensure his safety. Such steps do not automatically turn a stop into an arrest.' The use of handcuffs is also not dispositive") (citation omitted). The defendant, however, has fully preserved his argument that use of handcuffs is a factor that would support a finding of custodial interrogation.